GAIL SHIFMAN - SBN 147334
Law Office of GAIL SHIFMAN
2431 Fillmore Street
San Francisco, CA 94115
Tel:    (415) 551-1500
Email: gail@shifmangroup.com

Attorneys for Defendant
ERIC CARRILLO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>ERIC CARRILLO,<br><br>     Defendant. | Case No. 4:20-CR-00355 JSW<br><br>**DEFENDANT'S STATUS REPORT**<br><br>Date:  December 1, 2020<br>Time:  1:15 PM<br>Judge: The Honorable Jeffrey S. White |

Pursuant to the Court's November 12, 2020 Order, Dkt. 53, Defendant Eric Carrillo files this Status Report for the upcoming Status Conference.

Mr. Carrillo, who is out of custody, waives his right to be personally present at the hearing and requests to participate in the hearing telephonically.

**STATUS OF DISCOVERY PRODUCTION**

The government produced an initial set of discovery materials, 100% of which they produced pursuant to the protective order, *Dkt.* 28, labeling the entirety of the production "protected information".  Defendant objects to the blanket designation of these materials as "protected information" based, presumably, on what appears to be a

false assumption by the government that this designation is necessary to protect witness safety.

As examples of the overbreadth of this protected designation, this applied to discovery that had previously been produced without the protected designation.  Though counsel for Mr. Carrillo objects to this designation and has attempted to resolve this issue, the government has only withdrawn its protected designation to those materials that they had previously produced without the protected label.  These documents, Bates 000001-Bates 000076 (representing ROIs 21, 22, 24, 25, 28 and 29) are redacted. Given these redactions and the fact that they were previously produced unprotected, the 'protected information' status was inappropriate.

Rather than reviewing each item being produced in discovery with an eye toward whether there was good cause for protection, the government acted summarily and lackadaisically, labeling them as protected. Labeling everything the government produces as protected material is not an appropriate use of a protective order.  It is the government's burden when using this designation to establish good cause that disclosure will work a clearly defined and serious injury, something they must show with specificity.  Yet, the government seems to think that once they declare a discovery item protected, that the burden shifts to the defendant to undo that label, both wrong and particularly onerous where, as here, the government violates the spirit of a protective order willy-nilly.[1]

This is also true for the remainder of the discovery production.  As further examples of the 'protected information' misapplication, Bates 000078 -000079, 000099, 000100, among other pages, are photographs of guns allegedly sold.  Bates 000082 is Mr. Carrillo's alleged text message.  Bates 000083 and 000180 are telephone screen shots of pictures of guns that are the subject of the charges.  Bates 000171-000177 are print outs

---

[1] If the government objects to removing the protected information designation on the discovery produced in the case, the defense requests that the government be required to provide the full set of discovery materials to the Court in camera, and file a justification in the public docket for the use of this designation as to each item of discovery produced.

**DEFENDANT'S STATUS REPORT**                                                                 **2**

of exchanged text messages allegedly between Mr. Carrillo and the buyer of the guns. Bates 000101-000170 are single sentence text messages of Mr. Carrillo and the buyer of the guns, with messages as innocuous as the details as to the work quitting time for the following day (Bates 000129).

There can be no reasonable explanation for why these materials were disclosed as 'protected' other than the persistent over utilization of this designation by the U.S. Attorney's Office in this District, seeking protective orders in virtually every criminal case, and then broadly overusing the 'protected information' designation when producing discovery.

In addition, the government produced a series of audio and video recordings where Mr. Carrillo is allegedly negotiating and selling the firearms that are the subject of the charges in the Indictment. As the government has stated in its filings in this case, Mr. Carrillo allegedly negotiated with and sold these guns to an undercover officer and informant. These recorded negotiations and sales contain statements and presumably, admissions, of Mr. Carrillo. They are the heart and soul of the charges against him. Mr. Carrillo knows from the government's filings that his alleged interactions were with a police officer and informant. If true, he will recognize these people.

Mr. Carrillo recognizes that a witness's safety is a legitimate and substantial interest where there is a reasonable basis to believe that a witness's identity, the fact they are likely to testify at trial and/or the specific information the government seeks to shield from disclosure to defendants is unknown, and there is a reasonable basis to believe that disclosure would create an articulable threat to witness safety. But here, Mr. Carrillo already knows that the charges relate to sales of guns to an undercover officer and informant.

Importantly, Mr. Carrillo isn't seeking to know the true names of these individuals or any identifying information about them; he is simply seeking the opportunity to meaningfully review the discovery and in particular, the recordings, so that he can be in a position to discuss them with his counsel. Similarly, he is seeking to have effective representation by his counsel, duly informed by the facts and circumstances of his case,

**DEFENDANT'S STATUS REPORT**                                                                                                3

1 following informed discussions with him.  Mr. Carrillo does do not object to the
2 redaction of the name of these people and personal and other information that is not
3 relevant to the charges against the defendant in this case.
4       Moreover, with the COVID pandemic, it is difficult, if not impossible to review
5 the entirety of these materials between counsel with Mr. Carrillo in a safe and effective
6 manner because face-to-face meetings cannot reasonably be conducted given the severity
7 of the spread of the disease.[2] Under the circumstances, it makes little sense that Mr.
8 Carrillo cannot meaningfully directly review these materials.
9       Additionally, the time that it takes for counsel to try to review with Mr. Carrillo
10 audio and video evidence, minute by minute, is a lengthy undertaking even before a zoom
11 call is factored in, which is a prohibitively expensive undertaking for CJA, particularly
12 where, the protected status is overbroad and unnecessary as it is here.
13       **"Good cause"** for a protective order in discovery in a criminal case under Rule
14 16(d)(1) "is established on a showing that disclosure will work a clearly defined and
15 serious injury to the party seeking closure. The injury must be shown with specificity.
16 Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,
17 do not support a good cause showing." *United States v Wecht*, 484 F.3d 194, 211 (3d Cir.
18 2007), *quoting Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)
19 (affirming denial of prosecution's protective order to cover personnel records of a case
20 agent in a criminal case; "the District Court acted well within its authority" in concluding
21 "there was not 'good cause'"); *relied upon by United States v. Arredondo*, No. CR-12-
22 1055-PHX-FJM, 2012 WL 1946955, at *1 (D. Ariz. May 30, 2012).
23       Good cause requires a showing that the absence of a protective order "will work a
24 clearly defined and serious injury." *United States v. Arredondo*, 2012 WL 1946955, at *1.
25 When the government is the party asserting good cause, it "'bears the burden, *for each*
26 *particular document it seeks to protect, of showing that specific prejudice or harm will*

---

[2] The government has suggested that counsel and Mr. Carrillo meet in the conference room in the U.S. Attorney's Office to review these materials claiming that what they believe is a larger room will ensure the health and safety of Mr. Carrillo and counsel when they are sitting next to each other reviewing material.  Were this 'offer' not be made in writing, one might believe that it was being made in jest.

**DEFENDANT'S STATUS REPORT**     **4**

*result if no protective order is granted.'" Id.*, quoting *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1130 (9th Cir. 2003) (emphasis in *Arredondo*).[3]

Proper investigation and preparation of the defense case will require that counsel share discovery materials with Mr. Carrillo, which cannot be done effectively through telephone and video calls. As the Supreme Court has recognized in an analogous context, "the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order." *Hickman v. Taylor*, 329 U.S. 495, 512 (1947) (discussing the work product protection).

For the reasons stated herein, Mr. Carrillo requests meaningful access to the discovery and evidence in this case. If the bulk of the discovery remains protected, he requests a hearing on this matter within the next thirty days.

Dated: November 19, 2020                    Respectfully Submitted,
                                            GAIL SHIFMAN


                                             */s/ Gail Shifman*
                                            GAIL SHIFMAN
                                            Attorneys for Eric Carrillo

---

[3] Like the Third Circuit in *Wecht* and as illustrated in the District of Arizona by *Arredondo*, criminal cases in the Ninth Circuit refer to cases interpreting Federal Rule of Civil Procedure 26(c) to analyze the "good cause" requirement in criminal Rule 16(d)(1). *See also, United States v. Patkar*, 2008 WL 233062, *4 (D. Haw. January 28, 2008).

**DEFENDANT'S STATUS REPORT**                                                                 5